Your Honor, this is case number 2-16-0612, in the state of Illinois. Plaintiff is William D. Cornell Townsel, defendant of felony. Arguing that the death of the defendant of felony, Mr. Lewis, is a chance to fly. On behalf of the plaintiff's family, this court is adjourned. Mr. Walker, you may proceed. May it please the court, counsel. Good morning, Your Honors. My name is Lucas Walker with the State Appellate Defender's Office, representing Mr. Townsel. So, this appeal brings forth a fairly straightforward issue. We argue that the trial court erred when it imposed mandatory consecutive sentences, pursuant to Section 584D-8, which mandates consecutive sentences if a person is charged with a felony, and then commits a separate felony while in pretrial detention in a county jail facility. The problem here is that Mr. Townsel was not charged with a felony when he committed a separate felony in pretrial detention, and that's because the only filing alleging that he had committed a felony at that time was a criminal complaint. What was he in jail for? He was in jail at that time being held for the unlawful delivery of a controlled substance. A felony. I'm sorry? A felony. Correct. I mean, there's no contest that that was a felony. No, no. We're simply arguing here... It appeared before, presumably a bond court judge, and the bond court judge sat down on the felony. There were bonds set, probable cause found, public defender appointed. The problem here is that a criminal complaint that was filed, not signed by a state's attorney, only signed and filed by a police officer, does not charge a felony. What is the significance of the complaint being signed by a non-assistant or state's attorney? Well, the definition of indictment says it's a verified written statement alleging the commission of an offense signed by a state's attorney and tendered to the court. We can also look to this court's ruling in 2016. Okay. Well, my point is, is that what's the difference between a complaint signed by someone in the state's attorney's office with authority to sign complaints versus a layman or a police officer with arrest powers? Is there any distinction? Well, the state's attorney can charge crimes police officers can't. The only opponent the state's attorney can approve a felony in the state of Illinois. Exactly. The state's attorney has the authority to file these felony charges. And the Supreme Court in People v. Pankey also discussed how police officers could not have that authority. You would agree that the Criminal Code, the Code of Civil Procedure, and the Unified Code of Corrections all use the term charge in various provisions in those acts, correct? Sure. And the Unified Code of Corrections defines a charge as, quote, a written statement presented to a court accusing a person of the commission of an offense and includes a complaint, information, and indictment. Yes. But that has to be read into the broader context of the language of the statute. And when you say the language of the statute, what's the broader context? Well, a person charges, it doesn't simply say a person charged with an offense. It doesn't say a person with a charge pending. A person charged with a felony. Is a person held on a complaint charging a felony entitled to bail? Sure. I would imagine. The bail statutes define charge as well, correct? I believe so. A person charged with this or that, and there are provisions for revoking bail. There are provisions for holding people without bail. Are you saying that those provisions don't kick in until an indictment is filed? We're arguing that there's no charge on file as far as being charged. A person is not charged with a felony until there's an indictment or information filed. So the intent of the General Assembly would be that no consecutive sentencing can be imposed for any offenses committed while in jail on pretrial detention unless and until an indictment is filed. So, for example, historically we've seen several cases where people being detained on complaints in jail have solicited the murders of witnesses prior to an indictment. Are you aware of that? I'm sure that's occurred. Of course, of course. All too frequently. So that person being held on that complaint would be immune from consecutive sentences because he had not yet been indicted? No. As a matter of fact, this does not restrict the court from imposing consecutive sentences. So you're talking about mandatory? Oh, mandatory. Well, as far as the statute is concerned, that's our argument, yes. But again, we would stress that doesn't say that person cannot be punished or eventually be subject to consecutive sentences. So if somebody's in jail and batters a jailer or another inmate, if they haven't been indicted before that particular offense occurred, then there would be mandatory consecutive sentences. Presumably. So only after an indictment, if they were to batter someone in a jail, that it would be mandatory consecutive sentences. Or an information, but yes. And we want to point out, this court is in Sandoval 2016 ruling. It's not very difficult to make a complaint the equivalent of an information, although this court at the end of Sandoval told the state to start doing it correctly instead of in this weird amending complaint way just to make sure things are smooth. But in that case, there was a criminal complaint, and this court found that that was transformed into an information after the state's attorney signed it, initialed it, amended it, and tendered it to the court. So if the state wants to ensure that it has the capability of asking for and receiving these mandatory consecutive sentences as a deterrent to this, whatever defendant committing more felonies while in pretrial detention, all it has to do is sign a complaint or get an information. So a person, you know, talk about, Justice Burkett was talking about the bail statutes. A person charged with a felony offense, nonprobational felony, if the state can show that that person is a danger to the public and be held without bail, it says charged with a felony offense, which is sentence of imprisonment without probation, you know, as required. So you're saying a prosecutor would have to sign off on that before that prosecutor could then seek a no bail in bond court? Ultimately, we would stick by our argument that an indictment obviously requires a grand jury. If it's an information that does require the state's attorney's signature, a felony can only be charged through indictment or information. So ultimately, that's what our argument is. And as it applies here, we can look to Article 111. Oh, you did bring up the definition of a charge. Includes complaint. But when you ask the question of right into the broader context, what does that mean? We can look to case law for this. We can also look to Article 111, which of course is entitled Charging an Offense. And 111-2. Charging an offense is that term in that section. In order to bring a defendant to trial, there has to be a formal charge in indictment or information. And there has to have been a proper cause of termination. That does not apply to preliminary detention based upon a complaint. Because oftentimes, the state will review what's originally alleged in the complaint and not go forward with an indictment and dismiss the case. Practices in Cook County, for example, that are going on right now where people are charged with certain classes of felonies by complaint by the police and the state's attorney has a policy, we're not charging those offenses. So they let those people go. So do you understand there's a difference? Isn't there a difference between making a decision by the prosecution, this is a formal charge now and you're going to trial? On that topic, that's what Herndon's about. It's a statute of limitations provision, correct? That's different than an issue of knowledge or a defendant's conduct while being held as opposed to preserving the rights of the defendant going forward with statute of limitations, which is promised on the fact that the state has made a decision to bring you to trial. And for a misdemeanor, it's a complaint. For a felony, it has to be an information or an indictment. A formal declaration by the state, we're taking you to trial. And therefore, the statute of limitations is suspended. There's a difference, isn't there? There is. The statute of limitations case, of course, is different. We would point out that in Herndon, it hinged on when the defendant was charged. Right. And that determination has to be whether it's an indictment or an information. A formal declaration, we're bringing this person to trial because only then should the statute be told. For a misdemeanor, it's always told whether it's a complaint or not. Well, we can also point to People v. Johnson in one recent case that did deal with the statute explicitly and found that it's pretty much the same facts in a way. In Johnson, the court made it very clear. The appellate court said the appearance bond stated the defendant was charged only with a misdemeanor. Correct. But the court went on to cite Herndon for the proposition in the well-established principle that felonies cannot be charged by indictment or information. So the clear ruling there was about, as far as this statute is concerned, that this felony that's charged prior to the pretrial detention does have to be through indictment or information. So we would look to Johnson for that. I mean, you keep saying that felonies can only be charged by an indictment or information. I mean, felonies can be charged with an on-view arrest with a complaint. Well, I'm sorry. Because my question is, you're comparing this statute to 111-2, which doesn't use the word charged. It says commencement of a prosecution. And that's what a statute of limitations has to do with whether when the prosecution commences, not when the person is charged. So is there a difference between charged with and commencement of a prosecution? We would point out that Article 111 titled that is charging an offense, and there would really be no reason to include 111-2 if there was no reason to require that charging an offense requires an indictment or information for a felony. And, again, we can look to Herndon who interpreted it that way. I think based on Herndon, based on, I'm sorry, Johnson, based on Herndon, we would argue it's very well-established that charging a felony does require the indictment or information. We would argue that. But would that lead to an absurd result that just merely based upon the ability of the state to bring an indictment or information, one person is going to get mandatory consecutive sentencing who commits exactly the same conduct just by virtue of the fact that the indictment was filed before. And the other person is not or is exposed to it because of the indictment. Well, again, I think I would just stress that the state can very well file an information. It can simply sign a complaint if it wants to ensure it has that potential down the road. And, you know, Herndon was decided in 82 when it talked about felony has to be charged by indictment or information. Johnson, 2015, if the legislature thought this was somehow wrong, wrongly interpreted, it certainly could have acted, and it hasn't. So we would look at Johnson and argue that as far as that question is concerned, the state should file an information if it wants to ensure that it has that capability down the road. And as we've pointed out at the sand of all this court in 2016, in sort of going through and finding a way for this criminal complaint to be considered an information, at the end of that case, it says, Having held that the amended complaint sufficed as an information on which to proceed with the felony prosecution, we know this was obviously not the best practice. We urge more careful and straightforward compliance with the required procedures in the future so as to avoid the difficulties involved in a case such as this. It's just telling the state to file an information. I thought you were going to say something. Oh, sorry. Is it possible or probable that a defendant who is charged, arrested, placed in jail pending bond, is aware of the fact that there may be jeopardy attaching and then commits another crime, as opposed to a defendant who commits a crime, is not charged because he hasn't had a complaint filed against him, but he has had an indictment filed against him, but he doesn't know about it because he hasn't been arrested or served. And so in that instance, this person, even though he is unaware of the probability or the certainty that he will be subject to mandatory sentences, is not aware of that fact and, therefore, is not able to conform his actions to society to the extent that he's getting a greater sentence or sentences based upon the lack of knowledge that he was actually indicted, whereas in the first instance, at least he knows that he is possibly or probably going to serve consecutive sentences. Well, I think the purpose of the statute is to try to deter people from committing more felonies. Ignorance of the law isn't an excuse. It's not so much ignorance of the law. It's ignorance of the fact that there's a prosecution. Well, if the legislature wanted to include a requirement that a person charged with an offense who knows that they are charged with an offense, they could have included that. It could have been a person charged with an offense rather than with a felony. They could have amended the statute to make it such that the person has to have actual notice or constructive notice. Correct. As it stands, as Johnson pointed out, the language, a person charged with a felony, not charged with an offense. This is a sentencing provision. Correct. And what act provides for punishment? How much is the? The Code of Corrections. And the Unified Code of Corrections defines charge as indictment, information, or complaint. That's correct. Now, we know that complaints can charge misdemeanors. But I go back to my point, Your Honor, as far as just reading the broader context of what else is out there as far as case law and other statutes. This reminds me of a oxymoron in college, which is they're the same, only different. Because listening to this, I think I've heard about four or five statutes cited, and they all suggest that either they're the same, but they're different. And it would be nice if the legislature decided or the courts decided that they should be the same and not different. But I can understand why a complaint being filed by a police officer is not necessarily an act by the state because the state is represented by the state's attorney. Does it make a difference whether there's a preliminary hearing or not, in your opinion? I mean, if the prosecutor files an information on the very first day, there has been no preliminary hearing. Is the person charged with a felony? I would say up to the top. Just based on the preliminaries of the statute, our argument here is the charge of the felony requires the filing of an indictment or information. If an information is filed, he's charged with a felony. But I would have to, again— But 111-2A says that no prosecution may be pursued by information— Right, so that would kind of fall into the commencement versus pursuing a prosecution versus charging. So there is a difference. There can be a difference between charging and commencement of a prosecution. There's certainly an argument that there is. And I think, again, when the commencement of prosecution language in the actual language of the statute just says felonies have to be brought by indictment or information, then the title of the article is charging an offense. So, as Justice McClaren pointed out, there is some confusion as far as language is concerned all over the place. Well, the constitutional protection of an indictment does not apply to the State's Fifth Amendment provision, the grand jury's provision. However, our Constitution provides that the defendant is entitled to a probable cause determination either by presentation to a grand jury or by a court deciding whether or not it's a probable cause. So Justice Burke's question goes to the formal declaration can only occur after there's a probable cause determination, and then the case is going to go to trial. Right? Correct. I think— So until then, your position is mandatory sentencing cannot apply? Until there's been a determination of probable cause? I think that would have to be—because it is required. So I think it would have to be the position. Okay. Thank you. All right. Thank you, Your Honors. Ms. Moy. May it please the Court. Good morning, Your Honors. Good morning. My name is Cora Moy on behalf of— Hold the microphone down. —on behalf of the people. The defendant conflates the State's ability to proceed with a felony prosecution and with charging for sentencing purposes. As Your Honors have mentioned, the result would be—I think as you guys have indicated, it may be absurd. You cited an example of if somebody was charged with murder, and they were in jail, and they called to solicit the witness—to have the witness killed or threatened, and that there would be a gap in such protection. How do you square your argument with the cases cited by defense, Herndon in particular, but Makin, Quinn, all these cases that this Court, for the most part, has held that a complaint does not told the statute of limitations? Why wouldn't that apply to this situation? It doesn't apply because for both Herndon and Johnson, those cases have to do with how the felony prosecution begins. And as the statute of commencement of prosecutions, we don't dispute that in order to commence a prosecution, an information or an indictment must be filed. However, for sentencing purposes, because there isn't such limiting language or distinguishing language that says if you have a misdemeanor charge, this is where the sentencing should be mandatory. There's no such language that distinguishes that. And I think Herndon and Johnson are both different because those have to do with beginning a felony prosecution. Did you listen to the oral argument with Mr. Rogers? Rogers, no. Were you confused by it? I have not. I didn't listen to you. Well, the point I'm getting at is it seems to me that this is an area of ambiguity. And insofar as ambiguity is concerned, what was the intent of the legislature? I believe the intent of the legislature is to deter the defendant from committing more offenses when he is being held. So in this case, I think this is a case that fits squarely into the statute where the defendant has been charged with a felony and he is being held in pretrial detention. And the language of the statute is clear that we don't want the defendant to commit more crimes while he's being held. And I believe the facts of this case fit squarely into the statute. Well, he's being held and bail has been set under the bail provisions, correct? I'm sorry, yes, that's correct. And the bail statutes refer to charge. Yes. So in order for the bail statutes to take effect, let me know. Yeah, I'm sorry. In order for the bail statutes to take effect, the person has to be charged. Charged, correct. If bail was granted, would that make any difference? If bail was granted, would it make a difference? If he posted bail. If he posted bail. No, because under the statute, it's while he's in pretrial release or in pretrial detention. So it would not make a difference. I think I don't have anything else. Do your honors have any other questions? Well, we ask that you affirm the defendant's evidence. Thank you. Thank you. Mr. Walker. Mr. Walker, just briefly. Just very briefly, I think I just speak quickly to the fact that we've all sort of come to understand how this could be an ambiguous language. If it is ambiguous, although, of course, Johnson said it's not by defining what they found. But perhaps the rule of lenity would come into play as far as if it is ambiguous, tilt towards the defendant's favor. You didn't argue that at brief, did you? I did not. This is all. I just took it just to point out that's the ambiguous nature. Other than that, your honors, unless I take any other questions, I just request the remedy of vacating Mr. Townsend's sentences and remanding four-week sentencing hearing. Thank you. Thank you. We'll take the case under advisement. If there's another case on the call, I'll have to take a short recess.